42 F.3d 1392
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Eric GOLDEN, Defendant-Appellant.
 No. 93-3654.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 22, 1994.
Decided Dec. 1, 1994.[1]
Rehearing Denied Dec. 21, 1994.
 
 Before POSNER, Chief Judge, and CUMMINGS and MANION, Circuit Judges.
 
 ORDER
 
 1
 A jury found Eric Golden guilty of being a felon in possession of a firearms, in violation of 18 U.S.C. Secs. 922(g), 924(a)(2). Defendant appeals from this conviction, contending that the district court erred in admitting into evidence an agent's testimony that it is difficult to lift fingerprints from a firearm; and that it was error to allow the same expert witness to testify without using the language "reasonable degree of certainty."
 
 
 2
 Defendant and two other men were arrested while trying to sell guns, ammunition, and other weapons[2] to a gunshop employee. The weapons had been stolen during a burglary in Georgia. The gunshop employee testified that he saw defendant carry two of the rifles into the gunshop. Defendant testified on his own behalf that he knew nothing about the guns, and had merely accompanied some friends to the store. Defendant insisted that he would never "touch none of them guns 'cause I'm a convicted felon." He did, however, remember carrying a crossbow, a handbow, and some ammunition into the store.
 
 
 3
 At trial, Special Agent Bradford Hays of the Bureau of Alcohol, Tobacco, and Firearms, was qualified by the court as an expert in the field of firearms.[3] On direct examination, Hays testified over defendant's objection that he was familiar with the technical process of lifting fingerprints from a firearm and had attempted to do so in other cases. Hays stated that "it really is quite difficult." On cross-examination, Hays testified that he did not know whether anyone had tried to lift fingerprints off the firearms in questions.
 
 
 4
 Whether the government had failed to get defendant's fingerprints on one of the weapons made little difference since the gunshop employee testified that he saw defendant handle two of the weapons. Moreover, presumably[4] defendant was not prevented from arguing the absence of fingerprint evidence to link defendant to the crime. On cross-examination, the defense established the fact that Hays was not a forensic expert or lab technician, but instead was merely an agent with some unspecified "fingerprint training." Cf. United States v. Poindexter, 942 F.2d 354, 359-60 (6th Cir.1991) (defense counsel should have been allowed to argue that no fingerprints were found). We conclude that no error occurred in admitting Hay's testimony regarding the difficulty of lifting fingerprints off firearms.
 
 
 5
 Defendant also contends that when Hays testified that he test-fired the stolen weapons and found them to be operable, and that they fell within the federal law's definition of firearms, he failed to use the language "reasonable degree of certainty." At trial, defense counsel argued to the court that Hays' testimony should be struck in its entirety because, absent the magic words (a "foundational requirement"), the testimony was inadmissible for failure to rise above a "mere possibility" or "hypothesis."
 
 
 6
 The phrase "reasonable degree of certainty" is commonly used and is "useful shorthand"; but "[c]are must be taken ... to see that the incantation does not become a semantic trap and the failure to voice it is not used as a basis for exclusion without analysis of the testimony itself." Wright and Miller, Federal Practice and Procedure Sec. 6641 (1994 supplement). See also Levit, N., Ethereal Torts, 61 Geo.Wash.L.Rev. 136, 167 (1992) ("the "talismanic formula" of the phrase reasonable degree of medical certainty is a "ritual incantation ... [that] often suffices and supplants the need for more careful analysis"). This is particularly true in a case such as this, where the expert witness is not testifying to causation or probabilities, and is not speculating in any way. Instead, Hays testified that he identified the manufacturer and type of weapon, and test fired the guns, and was 100% sure that they were operable. Lack of certainty was not an issue here. The substance of Hays' testimony was the substantive equivalent of the magic words "reasonable degree of certainty."
 
 
 7
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [2]
 These included several shotguns, numerous high powered rifles, several .22 rifles, a cross-bow, and ammunition
 
 
 [3]
 Hay's experience included 12 years as an agent; firearms instructor and trainer for all agents in Wisconsin; officer in charge of interstate jurisdiction on firearms; specialized training identification and manufacture of firearms; and certification as distinguished weapons expert. He had previously testified in court approximately 40 times as a firearms expert
 
 
 [4]
 The closing arguments were not transcribed or included in the record on appeal. Defendant does not argue on appeal that he was precluded from arguing the absence of fingerprint evidence